UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMMY CARRERO,<br><br>              Plaintiff,<br><br>v.<br><br>BJ'S WHOLESALE CLUB, INC., JOHN DOE 1-10 (fictitiously named), ABC CO. 1-10, (fictitiously named), and XYZ CORPORATIONS 1-10 (fictitiously named construction, maintenance, repair, and/or property management corporations),<br><br>              Defendants. | **Civil Action No.** |

### DEFENDANT BJ'S WHOLESALE CLUB, INC.'S
### NOTICE OF REMOVAL

Defendant BJ's Wholesale Club, Inc. (hereinafter referred to as "BJ's" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §1441(a) and (b) to remove this action from the Superior Court of New Jersey, Law Division, Hudson County, where it is now pending, to the United States District Court for the District of New Jersey. Defendant, in support thereof, states as follows:

1. A Civil Action has been brought against Defendant by the Plaintiff Tammy Carrero (hereinafter referred to as "Plaintiff") and is pending in the Superior Court of New Jersey, Law Division, Hudson County, docket number HUD-L-341-21. A copy of Plaintiff's Complaint is attached hereto as Exhibit "A".

2. The State Court wherein this action was originally filed is located in Hudson County, New Jersey, which is embraced within this jurisdictional district.

3. Removal from the Superior Court of New Jersey Law Division, Hudson County is proper under 28 U.S.C. §§1441(a) and (b), which authorizes the removal of any civil action of

28970926.v1

      which the District Courts of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought." (emphasis added).

4. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties in interest properly joined and served are citizens of different states, and the matter in controversy exceeds $75,000.00 as set forth below.

5. Specifically, in the alleged accident that is the subject of Plaintiff's Complaint, Plaintiff claims that on August 31, 2020, as a result of the carelessness and negligence of the Defendant, she was caused to sustain serious and permanent injuries, has suffered great pain, shock and mental anguish, for which she was and still is incapacitated and will be permanently disabled and has in the past and will in the future be caused to expend substantial sums of money for needed treatment.  See Exhibit "A", First Count, ¶5.

6. Plaintiff also demands judgment against Defendant, for damages, interest, costs of suit, and attorney's fees. See Exhibit "A", Wherefore Clause.

7. In order to clarify the amount of damages at issue, Defendant served Plaintiff with a stipulation to limit damages to $75,000, and advised that if this was not signed by the close of business on January 28, 2021, Defendant would remove this matter to the Federal Court. See correspondence of January 27, 2021, attached as Exhibit "B".

8. The time period passed and Plaintiff's Plaintiff failed and refused to sign the Stipulation to Limit Damages.

9. Indeed, to date, Plaintiff has still failed and refused to sign and return the Stipulation to Limit Damages to $75,000.

10. As such, based on the serious and permanent personal injury claims, significant medical treatment and loss of occupation that Plaintiff claims have resulted from the negligence, carelessness and recklessness of Defendants, and that Plaintiffs have refused to sign a

28970926.v1

Stipulation Limiting Damages to $75,000, it is Defendant's position that Plaintiff is seeking an amount in excess of $75,000 and this Court does not have to guess as to whether this Court's jurisdictional threshold has been met.

11. Furthermore, investigation and discovery has confirmed that as a result of Plaintiff's aforementioned August 31, 2020 incident which is the subject of the Complaint, Plaintiff claims that she suffered serious and permanent injuries to her knee, which she claims necessitated her having to undergo surgery to her knee. See Exhibit "A".

12. Additionally, removal is proper as the parties are citizens of different states as Plaintiff is a citizen of New Jersey and Defendant BJ's Wholesale Club, Inc., is a Delaware corporation with a principal place of business in Massachusetts.

13. As such, based on the serious and permanent personal injury claims, permanent disability claims, incapacitation claims, significant medical treatment and economic damages claims that Plaintiff claims have resulted from the negligence and carelessness of Defendant and that Plaintiff has refused to sign a Stipulation limiting damages to $75,000, it is Defendant's position that Plaintiff is seeking an amount in excess of $75,000 and this Court does not have to guess as to whether this Court's jurisdictional threshold has been met. See Exhibits "A" - "B".

14. This removal is also timely, as this case was filed on or about January 25, 2021, and was served or otherwise received by Defendant on or about January 27, 2021. This Notice of Removal is being timely filed within 30 days of service or receipt of the Complaint by Defendant, and within one year of the filing of the Complaint, pursuant to 28 U.S. Code § 1446.

15. Thus, Removal from the Superior Court of New Jersey, Law Division, Hudson County is proper under 28 U.S.C. §1441(a) and (b).

28970926.v1

16. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth above. Based on Plaintiff's claims for serious and permanent personal injuries, incapacitation and permanent disability as well as significant medical treatment and other lost earnings or economic damages as well as the fact that Plaintiff has refused to sign a Stipulation Limiting Damages to $75,000, it is Defendant's position that Plaintiff is seeking an amount in excess of $75,000, and this Court does not have to guess as to whether Plaintiff is seeking an amount in excess of $75,000.

17. Based on the foregoing, the requirements of 28 U.S.C. §1441(a) and (b), 1446 and 1332 have been satisfied and the within matter is properly removable.

**WHEREFORE**, Defendant BJ's Wholesale Club, Inc. respectfully requests that the State Action be removed from the Superior Court of New Jersey, Law Division, Hudson County to the United States District Court for the District of New Jersey.

Dated: February 5, 2021     s/ *John M. McConnell*

John M. McConnell, Esquire (028152006)
**GOLDBERG SEGALLA LLP**
301 Carnegie Center Drive,
Suite 200, Princeton, NJ 08540-6587
609-986-1326
609-986-1301 - Fax
Attorneys for Defendant BJ's Wholesale Club, Inc.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMMY CARRERO : | |
| : | **Civil Action No.** |
| Plaintiff, : | |
| : | |
| v. : | **CERTIFICATE OF SERVICE** |
| : | |
| BJ'S WHOLESALE CLUB, INC., JOHN DOE 1-10 (fictitiously named), and XYZ CORPORATIONS 1-10 (fictitiously named construction, maintenance, repair, and/or property management corporations), : | |
| Defendants. : | |

I, John M. McConnell, hereby certify that a true and correct copy of the foregoing Notice of Removal, and supporting documents, and Jury Demand were filed with the Court and served on all counsel of record via email on this 5 day of February 2021.

Dated: February 5, 2021            s/  *John M. McConnell*

John M. McConnell, Esquire (028152006)
**GOLDBERG SEGALLA LLP**
301 Carnegie Center Drive,
Suite 200, Princeton, NJ 08540-6587
609-986-1326
609-986-1301 - Fax
Attorneys for Defendant BJ's Wholesale Club, Inc.

28970926.v1

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMMY CARRERO : <br> : **Civil Action No.** <br> Plaintiff, : <br> : <br> v. : **NOTICE OF APPEARANCE OF** <br> : **JOHN M. MCCONNELL, ESQ.** <br> BJ'S WHOLESALE CLUB, INC., JOHN : <br> DOE 1-10 (fictitiously named), and XYZ : <br> CORPORATIONS 1-10 (fictitiously named : <br> construction, maintenance, repair, and/or : <br> property management corporations), : <br> : <br> Defendants. : <br> : | |

**PLEASE TAKE NOTICE** that the undersigned counsel hereby enters an appearance as counsel of record on behalf of Defendant BJ's Wholesale Club, Inc. in the above-entitled action.

**PLEASE TAKE FURTHER NOTICE** that copies of all papers served in this matter should be served upon the undersigned.

Dated: February 5, 2021      s/   *John M. McConnell*

John M. McConnell, Esquire (028152006)
**GOLDBERG SEGALLA LLP**
301 Carnegie Center Drive,
Suite 200, Princeton, NJ 08540-6587
609-986-1326
609-986-1301 - Fax
Attorneys for Defendant BJ's Wholesale Club, Inc.

28970926.v1

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMMY CARRERO | : |
|               Plaintiff, | : **Civil Action No.** |
| v. | : **JURY DEMAND ON BEHALF OF BJ'S WHOLESALE CLUB, INC.** |
| BJ'S WHOLESALE CLUB, INC., JOHN DOE 1-10 (fictitiously named), and XYZ CORPORATIONS 1-10 (fictitiously named construction, maintenance, repair, and/or property management corporations), | : |
|               Defendants. | : |

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 38, the Defendant BJ's Wholesale Club, Inc. hereby demands a Jury trial in this matter, on all issues triable by jury.

Dated: February 5, 2021             s/ *John M. McConnell*

                                                   John M. McConnell, Esquire (028152006)
                                                   **GOLDBERG SEGALLA LLP**
                                                   301 Carnegie Center Drive,
                                                   Suite 200, Princeton, NJ 08540-6587
                                                   609-986-1326
                                                   609-986-1301 - Fax
                                                   Attorneys for Defendant BJ's Wholesale Club, Inc.

28970926.v1